968 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Beverly Joyce WATKINS, Plaintiff-Appellant,
v.
THE VETERANS ADMINISTRATION MEDICAL CENTER; Kenneth
Mulholland; Dr. Carlo Mainardi; Department of Veterans
Affairs; Tommy Davis; Patricia Hyatt; Ben Jackson;
Arthur Nevels, Defendants-Appellees.
 No. 91-5987.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1992.
 
 Before MERRITT, Chief Judge; and KEITH and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Beverly Joyce Watkins, a pro se litigant, appeals the dismissal of her 42 U.S.C. § 1983 civil rights action. Because the defendants are federal officials, the correct basis for her suit is Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs of the parties, record, and motion for oral argument, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Watkins sued the Department of Veterans Affairs, the United States of America, the Veterans Administration Hospital and six officials of the Veterans Administration. She stated that she was employed at the Veterans Administration Medical Center. She alleged that because of her union activities that the defendants conspired to have her fired by accusing her of sending her supervisor insulting, abusive, disrespectful, false and/or harassing written material. Because of the charges brought against her and the fact that she was fired, her professional reputation was damaged.
 
 
 3
 The district court dismissed the action on the basis that Watkins failed to exhaust her administrative remedies and that any review of the Merit Systems Protection Board's decision must be sought in the United States Court of Appeals for the Federal Circuit.
 
 
 4
 On appeal, Watkins argues that: 1) because statutes do not permit an agency to pay monetary damages, there is no need for her to exhaust administrative remedies because the administrative remedy is inadequate and cannot provide the relief she requested; 2) exhaustion is not necessary because the agency clearly and unambiguously violated statutory and constitutional rights; and 3) she was denied due process and equal protection.
 
 
 5
 Whether the district court correctly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990); Dana Corp. v. Blue Cross & Blue Shield, 900 F.2d 882, 885 (6th Cir.1990).
 
 
 6
 As a federal employee, Watkins' termination of employment is properly challenged with the Merit Systems Protection Board and not properly brought as a Bivens action in a United States District Court. See Jones v. TVA, 948 F.2d 258, 264 (6th Cir.1991); Saul v. United States, 928 F.2d 829, 838-40 (9th Cir.1991). Although she appealed her termination to the Merit Systems Protection Board, she failed to file a petition for review because she felt such petition would be futile. Review of the Board's decision on petitions for review is sought in the United States Court of Appeals for the Federal Circuit. See Berrios v. Department of the Army, 884 F.2d 28, 30 (1st Cir.1989). Watkins failed to exhaust her administrative remedies and filed suit in the district court. The district court simply lacked jurisdiction to hear the case.
 
 
 7
 Accordingly, it is ORDERED that the motion for oral argument be denied and the judgment of the district court be, and it hereby is, affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.